UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE JAMES MURPHY, JR. | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. JKB-17-502 |
| SGT. KIESEL, #229 | * | |
| SHERIFF REX W. COFFEY | | |
| DETECTIVE ADAMS, #432 | * | |
| ERIC JACKSON | | |
| CHARLES COUNTY SHERIFF'S | * | |
|   DEPARTMENT | | |
|     Defendants. | * | |

*****

MEMORANDUM

Plaintiff Willie James Murphy, Jr., formerly a resident at the Rivers Correctional Institution in Winton, North Carolina, filed a self-represented 42 U.S.C. § 1983 civil rights complaint for damages against the Charles County, Maryland, Sheriff's Department, Sheriff Coffey, and Charles County Police Officers Kiesel, Adams, and Jackson. Murphy alleges that on March 1, 2012, a U.S. Marshal's arrest warrant was executed for his failure to report for supervision and, during the execution of the arrest warrant, a plastic bag containing a white powdery substance was discovered in his pants pocket. Murphy claims that the substance and $804.00 found on his person were turned over to the Charles County Sheriff's Department and Detective Adams, who conducted a field test on the substance, falsely reported that it tested positive for cocaine. Murphy contends that Adams and several other officers obtained a search warrant for his residence based upon that false information and seized $25,000.00 and a number of personal items from his residence. He claims that because of the false information entered in the arrest warrant, he received a harsher sentence during his parole

violation hearing held on June 26, 2012.[1]  Accompanying the complaint is Murphy's motion for leave to proceed in forma pauperis.  ECF No. 2.  Because he appears indigent, Murphy's motion shall be granted.

The in forma pauperis statute authorizes district courts to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Murphy is proceeding in forma pauperis, the court must conduct a sua sponte screening of his complaint.  It must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  This § 1983 action is subject to dismissal.

When enacting § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law.  *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984).   Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law.  *Id*. at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-56 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975).  The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985).  Upon review of Maryland's limitations provisions, Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar.  *See* Md. Code Ann.,

---

[1] Review of this court's criminal docket and the Maryland Judiciary Case Search record shows that no criminal charges were filed against Murphy in Maryland.

Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* Here, Murphy, at the latest, should have known of his injuries in 2012. Because he filed the instant Complaint more than four years after accrual of the alleged civil-rights violations, it is clear that the statute of limitations now bars consideration of the claims. A separate Order shall be entered dismissing the complaint.

Date:   May 30, 2017                           /s/
                                              James K. Bredar
                                              United States District Judge

3